**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:12-cr-00288-AWI |
| ) | |
| Plaintiff, ) | ORDER DISMISSING COUNT |
| ) | AND VACATING CONVICTION |
| v. ) | |
| ) | (Doc. 53) |
| MICHELLE ASHLEY MAZZETTI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The Court refers the parties to previous orders for a complete chronology of the proceedings. On July 29, 2011, plaintiff United States of America ("the government") filed its criminal complaint against defendant Michelle Ashley Mazzetti ("Mazzetti") charging Mazzetti with the following four Class B misdemeanor counts: (1) interfering with a government officer engaged in official duty in violation of 36 C.F.R. § 2.32(a)(1); (2) violating a lawful order in violation of 36 C.F.R. § 2.32(a)(2); (3) acting to incite a breach of the peace in violation of 36 C.F.R. § 2.34(a)(2); and (4) making unreasonable noise in violation of 36 C.F.R. § 2.34(a)(3). On May 17, 2012, Mazzetti was found guilty by the Magistrate Judge of violating 36 C.F.R. § 2.34(a)(3) as charged in the fourth count. On August 8, 2012, Mazzetti was sentenced to two days in custody with credit for two days of time served and ordered to pay a penalty assessment of $10.00 and a fine of $40.00, for a total of $50.00.

On August 20, 2012, Mazzetti appealed her conviction and sentence to this Court. On

February 25, 2013, the government and Mazzetti filed a joint stipulation pursuant to Federal Rule of Criminal Procedure 48(a) for a dismissal with prejudice of count 4, and further requested the Court vacate Mazzetti's conviction and sentence. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds the parties' request must be granted.

Rule 48(a) provides in pertinent part, "The government may, with leave of court, dismiss an indictment, information or complaint." Fed. R. Crim. P. 48(a). "Under Federal Rule of Criminal Procedure 48(a), the government has the power to move to dismiss any count of the indictment as long as [a] defendant's appeal [of his or her conviction] is pending and the decision is therefore not final." *U.S. v. Burdeau,* 168 F.3d 352, 359 (9th Cir. 1999) (citing *Rinaldi v. United States,* 434 U.S. 22, 25, 31, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977)); compare *Hirabayashi v. U.S.,* 828 F.2d 591, 607 (9th Cir. 1987) ("There is no precedent for applying Rule 48 to vacate a conviction after the trial and appellate proceedings have ended"); *Korematsu v. U.S.,* 584 F.Supp. 1406, 1411 (N.D.Cal. 1984) ("[T]he prosecutor has no authority to . . . invoke Rule 48(a) after a person has been subject to conviction, final judgment, imposition of sentence and exhaustion of all appeals . . . . At that stage, there is no longer any prosecution to be terminated"). In *Rinaldi*, the Supreme Court held a district court has no discretion to deny leave to dismiss an indictment under Rule 48 if the request is not "tainted with impropriety" or " 'clearly contrary to manifest public interest,' " even if the defendant has already been tried, convicted and sentenced. *Rinaldi, supra,* 434 U.S. at 30; *see U.S. v. Gonzalez,* 58 F.3d 459 (9th Cir. 1995) (government moved to dismiss firearms count to which defendant had pled guilty after defendant assisted with other criminal investigations; district court abused discretion in denying motion because motion was supported by both parties). Where a Rule 48(a) motion also seeks to vacate a conviction, as here, the court need not defer to the government's "prosecutorial prerogative" unless the defendant gives consent. *See U.S. v. Hector,* 577 F.3d 1099 (9th Cir. 2009).

Mazzetti's appeal of her conviction and sentence remains pending and unadjudicated by the Court. The government has also obtained Mazzetti's consent to a dismissal. Therefore, the parties' joint stipulation and request for a dismissal of count 4 and the vacating of Mazzetti's conviction and

2

sentence is procedurally proper.  The Court further finds no basis from which it could be said the request is tainted with impropriety or clearly contrary to manifest public interest.  Accordingly, the request shall be granted.  Based on the foregoing, count 4 is hereby DISMISSED with prejudice, and the conviction entered May 17, 2012 and sentence imposed August 8, 2012 are further VACATED. IT IS SO ORDERED.

Dated:    February 28, 2013

SENIOR DISTRICT JUDGE